EASTERBROOK, Circuit Judge,
joined by Circuit Judge TINDER, concurring in the judgment.
I agree with Judge Sykes that Markado-natos lacks standing to contest the applica *553 tion of the ordinance to persons arrested without probable cause and to contend that the Village needed to provide hearings. “[A] person to whom a statute may constitutionally be applied may not challenge that statute on the ground that it may conceivably be applied unconstitutionally to others in situations not before the Court.” New York v. Ferber, 458 U.S. 747, 767, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982). See also Sabri v. United States, 541 U.S. 600, 608-10, 124 S.Ct. 1941, 158 L.Ed.2d 891 (2004). But I do not join her opinion, which proposes to dismiss the entire suit for want of a justiciable controversy, because Markadonatos has standing to contest the ordinance’s application to a person arrested with probable cause, as he was. He maintains (and Judge Hamilton concludes) that the fee is constitutionally obnoxious even when the arrest is supported by probable cause and followed by a conviction. That contention is justicia-ble.
Judge Posner proposes to duck that question by holding that the fee is attributable, not to the arrest, but to a person’s release on bail. I agree with his approach to the extent of saying that, if a state court could save a statute by reasonably giving it a particular construction, a federal court ought not take the matter out of the state’s hands by peremptorily declaring the statute unconstitutional “on its face” — which is to say, in every possible application. But we cannot do the construing, after the fashion of Bond v. United States, — U.S. -, 134 S.Ct. 2077, 189 L.Ed.2d 1 (2014), which recently indulged a strained reading of a federal statute in order to avoid a constitutional problem. Only a state court can give an authoritative limiting construction to a state statute.
If I had to make an independent assessment of the ordinance’s meaning, I would agree with Judge Posner. But our task is to resolve the parties’ dispute. Neither side has asked us to read the ordinance as applicable only to bail or to ensure that the state judiciary has room to give the ordinance a limiting construction. Instead they agree that the ordinance imposes a $30 fee on all arrests. The only justiciable subject is whether the Constitution allows the ordinance’s application to someone arrested on probable cause. And to that question the answer is yes.
Probable cause justifies substantial burdens. Someone arrested on probable cause can be taken to the stationhouse, booked, and held pending bail, even if the offense is punishable only by a fine. See Atwater v. Lago Vista, 532 U.S. 318, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001). A person taken into custody can be held as long as 48 hours before seeing a magistrate. See Riverside v. McLaughlin, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991). Probable cause, reflected in a grand jury’s indictment, justifies holding a defendant in custody pending trial. See Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956); Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). Probable cause also can justify the seizure of the suspect’s assets pending forfeiture, a step that may make it impossible for the suspect to hire his preferred lawyer and might lead to a conviction, when a better defense could have produced an acquittal. See Kaley v. United States, — U.S. -, 134 S.Ct. 1090, 188 L.Ed.2d 46 (2014).
All of these losses vastly exceed a $30 fee. If probable cause justifies months in jail and an inferior lawyer, what sense could it make to say that a $30 fee is constitutionally excessive? True, someone arrested on probable cause does- not get the $30 back if he prevails at trial — but neither does he get back the value of time spent in jail or the value of the difference between a top-notch lawyer and the aver *554 age quality provided under the Criminal Justice Act. It won’t suffice to say, as Judge Hamilton’s dissent does, that probable cause isn’t enough to justify permanent deprivations of property. It does justify deprivations of liberty; why is property more sacrosanct?
The Due Process Clause applies to both liberty and property. When there is a distinction, property receives the lesser protection. The burden at a criminal trial, where liberty is at issue, is “beyond a reasonable doubt”; the burden at a civil trial involving property, by contrast, is “preponderance of the evidence.” In a criminal trial that can end in a sentence of imprisonment, the defendant is entitled to counsel at public expense if he cannot afford a lawyer; in a civil trial, by contrast, a defendant who cannot afford a lawyer must represent himself. The list could be extended, but the point has been made. Liberty receives the greater protection. So the cases establishing that probable cause suffices to deprive a person of liberty for months pending trial show that there can’t be a problem with a $30 fee.
More than that. I do not think that the Due Process Clause has anything helpful to say about the claim Markadonatos presents. The Constitution requires due process, yet for reasons the panel explains (and Judge Sykes reiterates) Markadona-tos’s demand for a hearing is unavailing. He might have been entitled to a hearing (or some other informal process, see Goss v. Lopez, 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725 (1975)) adequate to separate persons arrested with probable cause from persons arrested without, but he has never asked for that sort of procedure. He maintains, instead, that the ordinance imposes a fee on every arrest, making probable cause irrelevant. Yet he concedes that he was arrested. On his own view of the ordinance, there is nothing to hold a hearing about. Instead his principal argument comes under the banner of “substantive due process.”
The Supreme Court has concluded that substantive due process is applicable only when the government deprives a person of a “fundamental” right. See Washington v. Glucksberg, 521 U.S. 702, 719-23, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997). Glucksberg held that assisted suicide is not a fundamental right. Markadonatos does not contend that the loss of $30 is more important than the power to choose the time and manner of one’s death — or any of the other asserted rights that the Supreme Court has held not to be “fundamental.” He argues instead that there is a “fundamental right” not to be deprived of anything “arbitrarily,” and he maintains that the $30 fee is “arbitrary.”
That is not an application of the Glucks-berg framework; it elides the need to find a “fundamental right.” If Markadonatos were correct, a court would never ask whether the asserted interest is “fundamental.” Instead it would go straight to the question whether the state has acted “arbitrarily,” which is to say, would decide every claim on the merits. Glucksberg requires, however, an initial step: ascertaining whether the interest at stake is “fundamental.” No decision of the Supreme Court so much as hints that a small fee is a “fundamental interest.”
Maintaining the difference between “fundamental” and other interests is vital, lest we collapse the distinction between substantive due process and equal protection. The equal-protection question is whether it is possible to imagine a rational basis for the rule. See, e.g., Usery v. Turner Elkhom Mining Co., 428 U.S. 1, 96 S.Ct. 2882, 49 L.Ed.2d 752 (1976) (describing the rational-basis standard and applying it to a statute that imposed costs far exceeding $30). Markadonatos does not contend that the ordinance lacks a *555 rational basis. Arrests may be followed by release without charge, release on bail, or incarceration. Any of these costs the Village at least $30 — or so a rational legislature could conclude. Both release without charge and release on bail entail lots of paperwork and the time of police officers, if not judges and lawyers; incarceration is costly because prisoners must be fed, supervised, and provided with medical care. Requiring people to reimburse others for the costs they impose on them is proper. (Recall that Markadonatos was arrested on probable cause, which means that his own misconduct caused whatever costs the Village incurred.)
Markadonatos has invoked substantive due process in the hope that we will demand more than a rational basis from the Village. We should not oblige. Glucks-berg separates the domains of equal protection and substantive due process; this controversy is on the equal protection side.
If there is something wrong with a fee of $30 for being arrested, what are we to make of the $400 fee for filing a suit in federal district court? If the arrest was without probable cause, the victim is entitled to damages. A prevailing party will recover costs, including the filing fee, from the defendant, but if the court holds that the arrest was supported by probable cause, then the suspect is out not only the $30 for being arrested but also the $400 for trying to show that he should not have been arrested. It would be absurd to say that the $30 fee violates the Constitution but that the $400 fee does not. And an assertion that a suspect incurs the $400 fee voluntarily by filing suit is hollow: the controversy begins not with the suit but with the arrést, which is involuntary from the perspective of Markadonatos or any other suspect. The only way to contest the arrest (or for that matter the arrest fee) is to pay a $400 filing fee in federal court. Probable cause for the arrest means that a plaintiff such as Markadona-tos does not get the $400 back. If probable cause for arrest supports a $400 fee, why not a $30 fee?
Or consider the fee a village imposes to recover a towed car. These fees often are in the range of $100. No one wants his car towed any more than he wants to be arrested. And cars may be towed without good cause, just as people may be arrested without good cause. It seems more likely that a village would impose a steep towing fee as a means of generating revenue (which would increase the incentive to tow even properly parked cars) than that it would impose a modest arrest fee. Yet at oral argument counsel for Markadonatos acknowledged that a towing fee is valid. What he could not explain is why the Constitution allows a $100 fee after a car is taken to the pound but no fee at all after a person is taken to the stationhouse.
I conclude that Markadonatos has standing to challenge the collection of a fee from a person arrested on probable cause, because that’s the category he is in and if he wins he gets the $30 back. But his argument fails on the merits. I therefore concur in the judgment.